# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

LINNEA FENN,                                                                                         PLAINTIFF,

VS.                                         CIVIL ACTION NO. 2:04CV186-P-A

HARRAH'S TUNICA CORPORATION,                               DEFENDANT.

## MEMORANDUM OPINION

This matter comes before the court upon Defendant's Rule 12(b)(5) Motion to Dismiss Plaintiff's Complaint [2-1]. Upon due consideration of the motion and the responses filed thereto the court is prepared to rule.

## I. FACTUAL BACKGROUND

The plaintiff filed her complaint on July 13, 2004. Under Fed. R. Civ. P. 4(m), the 120-day deadline to serve the summons and a copy of the complaint to the defendant was November 10, 2004. The defendant was not served until December 13, 2004, some 33 days after the deadline. As such, the defendant moves for a dismissal under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process. The plaintiff naturally opposes this dismissal since, even though a dismissal under Rules 12(b)(5) and 4(m) is without prejudice, such dismissal would result in a de facto dismissal with prejudice given that the statute of limitations period has run on the plaintiff's claim for employment discrimination.

The plaintiff avers that she attempted service on July 26, 2004, some thirteen days after filing, by serving who she believed was Harrah's Tunica Corporation's registered agent, CT Corporation System in Flowood, Mississippi. Shortly thereafter, the plaintiff received a letter from CT Corporation System informing her that was not the proper registered agent. The plaintiff

1

asserts in her response to the instant motion that she checked the Mississippi Secretary of State's website again to discover that the registered agent for Harrah's Tunica Corporation was in fact Corporation Service Company in Jackson, Mississippi. Thereupon, the plaintiff got the Clerk's Office to issue a new summons on August 17, 2004. The plaintiff states further that she then attempted service once more, without stating how said service was effectuated. In any event, after waiting four months, the plaintiff realized she had not received a copy of the Acknowledgment of Receipt of Summons and Complaint by the defendant and thus served the defendant again, this time through certified mail on December 13, 2004.

It is undisputed that on December 13, 2004 the defendant through their registered agent, Corporation Service Company, only received three of the four pages of the complaint. On December 17, 2004 the defendant wrote the plaintiff about the other page. On December 27, 2004, the defendant received a complete copy of the complaint, but it was never formally served.

The plaintiff argues that she has shown good cause for the court to utilize its discretion under Rule 4(m) to excuse the late service. Namely, the plaintiff points to her previous attempt at service and the "misleading" nature of the Secretary of State's website. The defendant counters that the plaintiff merely made the wrong choice on the website. That is, there are two entries for "Harrah's Tunica Corporation," one above the other. The top entry states that it has the status of "Name Change." The bottom entry reveals that it has a status of "Good Standing." The bottom entry was the correct choice, but the plaintiff chose the top choice.

Furthermore, the defendants argue that the plaintiff has no evidence that she in fact attempted the second, correct service before December 13, 2004. The record supports this assertion. It is true that the Clerk's Office issued a new summons on August 17, 2004 with the

correct agent written upon it. However, there is no evidence it was actually served until December 13, 2004. The defendants support this with an affidavit of Paul Matthews, an authorized agent of CS Company who avers that at no time did it receive any documents from the plaintiff in this action until December 13, 2004. The plaintiff has moved to strike the affidavit of Paul Matthews but said motion is clearly without merit.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, if the plaintiff can show good cause, the court may, in its discretion, extend the period to avoid dismissal. In any event, the Advisory Committee Notes to Rule 4(m) state that the amendment to the rule allows district courts to avoid dismissal "even if there is no good cause shown." *Henderson v. United States*, 517 U.S. 654 (1996) ("In 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period, 'even if there is no good cause shown.'").

A showing of good cause requires at least the same showing required for excusable neglect, which does not allow simple inadvertence, mistake of counsel, or ignorance of the rules to suffice. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *Hickman v. Lively*, 897 F.Supp. 955 (S.D. Tex. 1995). Moreover, the fact that a dismissal without prejudice under Rule 4(m) will result in a dismissal on the merits because of the statute of limitations will

not mitigate the plaintiffs burden in showing good cause. *Peters v. United States*, 9 F.3d 344, 346 (5th Cir. 1993); *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990)

In this case, the plaintiff has not met the mark for either good cause or excusable neglect. She has provided no evidence that she in fact attempted service upon the correct registered agent before the 120-day deadline. Her argument that the secretary of state's website was misleading is unavailing since, with due diligence, she could have discovered the correct registered agent with a modicum of investigation of the two web-site links both bearing the name "Harrah's Tunica Corporation" – especially since the correct link indicated that that particular Harrah's Tunica Corporation was in "Good Standing" rather than bearing the moniker of "Name Change" which suggests a dissolved corporation. Finally, there appears to be no good-cause reason proffered why the plaintiff waited four months – from the time she allegedly attempted service in August 2004 until December 2004 – to ensure that she served the defendant.

The court agrees with the Third Circuit Court of Appeals admonishment that with respect to the Rule 4(m) 120-day deadline to serve, "[t]he lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987).

### III. CONCLUSION

For the reasons discussed above, the Defendant's Rule 12(b)(5) Motion to Dismiss Plaintiff's Complaint [2-1] should be granted and this case should be dismissed without prejudice. Accordingly, an order shall issue forthwith,

**THIS DAY** of April 15, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE